# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES NISSEN,

      Plaintiff,

vs.                              No. CIV 21-0557 JB/CG

FNU NILIUS, Warden of Cibola County
Corrections Center,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court sua sponte under rule 41(b) of the Federal Rules

of Civil Procedure on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed

June 16, 2021 (Doc. 1)("Complaint").   The Court will dismiss the Complaint without prejudice

for failure to comply with Court orders, statutes, and rules, and for failure to prosecute.

At the time that Plaintiff Michael James Nissen filed the Complaint, Nissen was

incarcerated at the Cibola County Corrections Center in Milan, New Mexico.  <u>See</u> Complaint at 1.

Nissen alleges that he is "being denied my rights of 'FRANK' mail as a private citizen in my

private individual capacity."  Complaint at 2 (no citation for quotation).  Nissen claims that the

denial violates his "rights, privileges and immunities secured by the Constitution."  Complaint at

2.  Nissen's Complaint defines "FRANK" as "Free: the privilege of sending letters and other

matters by the public mails without paying postage."  Complaint at 7.  Nissen seeks "the use of

'FRANK' mail," that "[e]nvelopes with no stamps shall be on the commissary list for inmates to

use with proper marking of 'FRANK' mail," and $15,000.00 in compensation.  Complaint at 5.

Nissen did not pay the filing fee or submit an application to proceed without prepayment

of fees or costs pursuant to 28 U.S.C. § 1915.  On June 17, 2021, the Honorable Carmen E. Garza,

United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Nissen to cure these deficiencies within thirty days either by paying the filing fee or by submitting an application to proceed in forma pauperis.  See Order to Cure Defects, filed June 17, 2021 (Doc. 3)("Cure Order").  The Cure Order advises Nissen that, if he fails to cure the deficiencies within the thirty-day time period, the Court may dismiss this proceeding without further notice.  See Cure Order at 1.  Magistrate Judge Garza also sent Nissen the forms to submit an application under 28 U.S.C. § 1915 to proceed in forma pauperis.  See Cure Order at 1-2.  More than thirty days have elapsed since Magistrate Judge Garza entered the Cure Order and Nissen did not pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Cure Order.  The copy of the Cure Order mailed to Nissen at his address of record was returned as undeliverable.  See Mail Returned as Undeliverable, filed June 30, 2021 (Doc. 5).  Cibola County Corrections Center records indicate that Nissen is not in custody at that facility.  Nissen has not communicated with the Court since filing this lawsuit on June 16, 2021.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court must collect the filing fee from Nissen or authorize Nissen to proceed without prepayment of the fee.  Nissen has not paid the filing fee or submitted an application to proceed under § 1915.  Magistrate Judge Garza directed Nissen to comply with the statutory requirements or to show cause why he should not be required to do so. See Cure Order at 1.  Nissen did not comply with or respond to the Cure Order.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  See D.N.M. LR-Civ. 83.6.  Nissen has not kept

the Court apprised of his proper mailing address and has not communicated or maintained any contact with the Court in this case since June, 2021.

Plaintiff Nissen has not complied with the Cure Order, has not complied with statutory provisions, including 28 U.S.C. § 1915, has not complied with D.N.M. LR-Civ. 83.6, and has not prosecuted this action.  Under rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute, to comply with the rules of civil procedure or local rules, to comply with statutes, and to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  Accordingly, the Court will dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with statutes, rules, and a Court Order, and for failure to prosecute this proceeding.

**IT IS ORDERED** that the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 16, 2021 (Doc. 1), is dismissed without prejudice.

UNITED STATES DISTRICT JUDGE

*Parties:*

Michael James Nissen
Milan, New Mexico

   *Plaintiff pro se*

- 3 -